### 19440

Henrietta BENNETT, as Administratrix of the Estate of Latham Bennett, Appellant, v. Winnifred M. PEELER, as Executrix of the Estate of Raymond Hugh Peeler, and Better Beer Company, Inc., Respondents.

(189 S. E. (2d) 814)

*Harold R. Lowery, Esq.,* of *Chapman and Lowery,* of Anderson, *for Appellant,*

*Messrs. Love, Thornton, Arnold & Thomason,* of Green-
ville, *for Respondent,*

*Messrs. Chapman* and *Lowery,* of Anderson, *for Appellant,*
*in Reply.*

June 14, 1972.

BRAILSFORD, Justice:

While I agree that the only reasonable inference from the evidence is that decedent was guilty of negligence in failing to yield the right-of-way to the approaching vehicle, in my judgment, his failure to do so does not conclusively convict him of recklessness or willfulness. The only testimony on the point is that before undertaking to cross the eastbound lanes, he stopped and looked toward the west from a point at which his view of the approaching Oldsmobile may have been blocked by the parked beer truck. On this record, his fault in not looking again before entering the inside lane may be attributed to inadvertence at least as reasonably as it may to reckless misconduct. But if after clearing the obstruction to his vision he did see the approaching car, his failure to yield may have been due to misjudgment as to speed or distance, or both, rather than to recklessness. Of course, his failure to yield the right-of-way was evidence of willfulness. However, he may not soundly be barred of recovery on this ground except by the verdict of a jury.

This opinion, written in dissent, has, by concurrence of the majority, become the judgment of the Court. The order appealed from is reversed and the case is remanded to the circuit court for consideration of respondent's alternative motion for a new trial.

Reversed and remanded.

Moss, C. J., and LEWIS and BUSSEY, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

Plaintiff brought this action to recover damages for the alleged wrongful death of Latham Bennett. After the jury returned a verdict for actual damages against Better Beer Company, Inc., motion for judgment notwithstanding the verdict was made and granted. Plaintiff has appealed.

Winnifred M. Peeler as Executrix of the Estate of Raymond Hugh Peeler, was also a defendant; the jury exonerated Peeler, and we are therefore not concerned with that

phase of the case on this appeal. Hereafter we refer to Better Beer Company, Inc., as the defendant.

The motion for judgment notwithstanding the verdict was on the ground that the only reasonable inferences to be drawn from the evidence are (1) that Bennett was guilty of contributory negligence or recklessness or willfulness as a matter of law, and (2) that any negligence or recklessness on the part of the defendant was not the proximate cause of Bennett's death, and (3) that Bennett's death resulted solely from his own negligent and reckless conduct. The judge granted the motion on the "stated grounds."

A review of the evidence is essential for our determination of the issues. U. S. Highway 76 runs easterly from Anderson to Belton. At the point of the collision involved in this case, the highway consists of four lanes with a grass median separating the two eastbound lanes and the two westbound lanes. It is intersected by a secondary road known as the Broadway Lake Road. At this intersection there is a crossover such that persons entering Highway 76 from the Broadway Lake Road may cross over the eastbound lanes to turn left and proceed westerly in the direction of Anderson. Broadway Lake Road does not cross Highway 76.

At the southwest corner of the intersection there is a small grocery store and filling station known as "Dean's Station." At this point the two eastbound lanes are 24 feet wide, the two westbound lanes are 24 feet wide, and the grass median is 37 feet wide. The area in front of the station and around the gas pumps is hard-surfaced. This hard-surfaced area ties in with the hard-surfaced shoulder. The station building is 13 feet 6 inches from the gas pumps, and the pumps are 28 feet 9 inches from the edge of the nearest (outside) eastbound lane of Highway 76.

About 8:20 A. M., on October 10, 1969, Latham Bennett was driving his 1960 Chevrolet automobile along Highway 76, in a westerly direction from Belton to Anderson. He was familiar with the intersection. Upon reaching the intersection

barely east of Dean's Station he turned left at the crossover, proceeded across the eastbound lanes of the highway and stopped at the gas pumps. The weather was clear and the roadway was dry. The investigating highway patrolman testified that the roadway was visible from the service station back towards Anderson for a distance of "two and one-half tenths of a mile." Such would appear consistent with the photographs in evidence.

The defendant's delivery truck was parked in front of the station, facing east. There is evidence that it was parked completely off the traveled portion of the highway and on the shoulder. On the other hand, there is evidence that it extended 3 or 4 feet into the outside lane of travel. For the purpose of our ruling we must view the evidence most favorable to the plaintiff, and accordingly, we will proceed on the theory that the truck was parked partially on the shoulder, extending 4 feet into the outside, eastbound lane. This left 20 feet of the eastbound lanes open for traffic.

After Bennett purchased gasoline he drove his Chevrolet in front of the truck and, angling to his right, proceeded in the direction of the crossover, apparently to turn left and continue in the direction of Anderson. At that time an Oldsmobile driven by Raymond Hugh Peeler was approaching on Bennett's left from the direction of Anderson, traveling "real fast" in the inside eastbound lane of Highway 76. Bennett's Chevrolet crossed the outside eastbound lane, and almost crossed the inside eastbound lane. His Chevrolet was struck by Peeler's Oldsmobile on the left rear fender. Debris caused by the collison was described as being in both the inside eastbound lane and in the crossover. The impact was so violent that it caused Bennett's Chevrolet to spin around several times; Bennett was thrown from it and apparently died instantly.

As stated above, we must view the evidence in the light most favorable to the plaintiff for the purpose of our ruling. If the evidence is susceptible of conflicting inferences, the

issues are for the jury. On the other hand, if the evidence is susceptible of only one reasonable inference, as held by the trial judge, only a matter of law is involved and the issues are for the court, notwithstanding the action of the jury.

Plaintiff's contention is that defendant was negligent and reckless in parking the truck in the road. It is a violation of the statutory law of this State, Section 46-481 of our traffic code, to park a motor vehicle on the traveled portion of the highway. The jury could have found that the truck was parked in violation of the law. Such is negligence *per se,* and is some evidence of willfulness and recklessness. But neither negligence nor recklessness would entitle plaintiff to recover unless such was the proximate cause of death. Even if the wrongful conduct of the truck driver was a proximate cause of the death, recovery still would not be allowed if Bennett was contributorily culpable in a similar degree.

There are for determination, then, two basic issues: (1) Was the conduct of Bennett contributorily negligent, willful or reckless? and (2) Was the conduct of the driver of the truck a proximate cause of the death?

We hold that Bennett was contributorily negligent and reckless in failing to yield the right-of-way to approaching vehicles as required by Code Section 46-424. The trial judge correctly granted the motion for judgment notwithstanding the verdict. The real cause of Bennett's death was his failure to take even slight precautions for his own safety, and by failure to take such precautions he was guilty of recklessness which was at least a contributing proximate cause of the collision.

When the Chevrolet was at the gasoline pump, it was between the pump and the truck. As Bennett proceeded to move his car toward the eastbound lanes, his view to the left was unobscured. Had he looked to the left he could have seen vehicles coming for a quarter of a mile. Obviously the Oldsmobile was approaching. It must be conceded that when he

pulled in front of the truck his vision to the left was temporarily obscured. The truck was at most 4 feet into the roadway; 20 feet were still open for travel. Upon entering the outside eastbound lane, he could again see to the left down the highway a quarter of a mile in time to stop his car and avoid a collision with the Oldsmobile, which was traveling in the inside eastbound lane.

Bennett either did not look or looked, saw the Oldsmobile, and took a chance on being able to make it. Unfortunately, the rear end of his car did not quite clear the Oldsmobile's lane of travel. We conclude that the only reasonable inference to be drawn from the whole of the testimony is that Bennett was guilty of contributory negligence and recklessness as a matter of law.

In view of the ruling made, it is not necessary to consider the other question. However, it is not inappropriate to state that we doubt that it may be said as a matter of law that the conduct of the driver of the truck was not a proximate cause of the collision. On that question there was a jury issue. Even if the jury concluded that the defendant was guilty of negligence and recklessness, and that such conduct was a proximate cause of the collision, there can still be no recovery since Bennett was also guilty of negligence and recklessness which contributed to and helped to bring about his own death.